FILED
JUN 29 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRUD ROSSMAN,                          )
                                       )
            Plaintiff,                 )
                                       )
   v.                                  )   Civil Action No. 12 1081
                                       )
CHASE HOME FINANCE LLC., *et al.*,     )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Notwithstanding plaintiff's degree from Harvard Law School, *see* Compl. ¶¶ 10, 16, 24, the complaint is vague, disorganized, and wholly lacking in focus. It appears that plaintiff's claims arise from his purchase of and foreclosure on real property located in Fairfax County, Virginia, *see generally id.* ¶¶ 44-92,[1] as well as defendants' alleged operation of the "Chase Ponzi Scheme," *id.* ¶ 2. In support the latter claim, plaintiff submits an exhibit titled "Select Proof of IRS Findings of a Chase Ponzi Scheme, Other Chase Theft," *id.*, Ex. Sec. 4, comprised of unintelligible handwritten notes, copies of certified mail receipts, and assorted correspondence. Plaintiff's other exhibits are no more helpful in fleshing out his claims.

---

[1] Review of the Court's docket reveals that plaintiff has sued these defendants previously, and that the defendants successfully argued that personal jurisdiction was lacking and that venue in this district was improper. *See Rossman v. Chase Home Finance LLC*, No. 10-0977 (D.D.C. Mar. 25, 2011). Plaintiff is no more successful here in showing that this Court may exercise personal jurisdiction over these defendants or that venue in this district is proper.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Plaintiff's complaint fails to meet this minimal pleading standard, and, accordingly, it will be dismissed without prejudice. An Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 6/29/12